IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SONRAI MEMORY LIMITED AND NERA
INNOVATIONS LIMITED,

     Plaintiffs,

     v.

MICRON TECHNOLOGY, INC.,

     Defendant.

Case No. 1:23-cv-01407-ADA

████████████████

**DEFENDANT MICRON TECHNOLOGY, INC.'S
MOTION FOR SUMMARY JUDGMENT TO LIMIT DAMAGES
<u>PERIOD BASED ON FAILURE TO MARK</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

III.    LEGAL STANDARD............................................................................................ 3

IV.     ARGUMENT..................................................................................................... 3

      A.      Neither Microchip nor the RPX Licensees Marked Patented Articles ....................4

      B.      Sonrai Cannot Excuse Microchip's and the RPX Licensees' Failure to Mark........4

            1.      Sonrai's Conclusory Hearsay Assertion that the Microchip Products Do Not Practice the '241 Patent Cannot Defeat Summary Judgment .........5

            2.      Microchip's Website Fails to Virtually Mark................................................6

            3.      As to Both Asserted Patents, the RPX Licensees' Failure to Mark Precludes All Pre-Suit Damages ................................................................7

V.      CONCLUSION................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                            **Page(s)**

*Adrea, LLC v. Barnes & Noble, Inc.*,
No. 13-cv-4137, 2015 WL 4610465 (S.D.N.Y. July 24, 2015) ..................................7

*Arctic Cat, Inc. v. Bombardier Rec. Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020).................................................................................7

*Arctic Cat, Inc. v. Bombardier Rec. Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017).......................................................................3, 4, 7

*HVLPO2, LLC v. Oxygen Frog, LLC*,
949 F.3d 685 (Fed. Cir. 2020).................................................................................6

*Mfg. Res. Int'l v. Civiq Smartscapes, LLC*,
397 F. Supp. 3d 560 (D. Del. 2019).........................................................................6

*Porter v. Lear*,
751 F. App'x 422 (5th Cir. 2018) ............................................................................5

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
853 F.3d 1370 (Fed. Cir. 2017)...............................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
No. 1:19-CV-977-ADA, 2021 WL 2773013 (W.D. Tex. Apr. 12, 2021) .....................3, 4, 5, 6

**Statutes**

35 U.S.C. § 287................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 26(a)(1)...........................................................................................6

Fed. R. Civ. P. 37...................................................................................................6

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Infringement Expert Report of Dr. Michael C. Brogioli, with accompanying exhibits, dated May 1, 2024. |
| 38 | Patent License Agreement between Sonrai Memory Limited and RPX Corporation, dated June 30, 2022 (SONRAI-MICRON-00003923). |
| 39 | Excerpts from the April 9, 2024 deposition transcript of Gerald Padian. |
| 41 | Patent Sale and Assignment Agreement between Microchip Technology, Inc. and Sonrai Memory Limited, dated December 20, 2019 (SONRAI-MICRON-00002811). |
| 46 | Excerpts from the file history for U.S. Patent No. 6,724,241 (SONRAI-MICRON-00002480). |
| 47 | Excerpts from Microchip 2016 Form 10-K (MICRON_0043759). |
| 48 | RPX Escrow Agreement, dated June 30, 2022 (SONRAI-MICRON-00004487). |
| 49 | Excerpts from Sonrai's Objections Responses to Micron's First Set of Requests for Admissions (Nos. 1-36), dated April 15, 2024. |
| 50 | Letter from Brian Livedalen to Seth Hasenour, dated January 5, 2024. |
| 51 | Letter from Brian Livedalen to Seth Hasenour, dated February 29, 2024. |
| 52 | Letter from Brian Livedalen to Seth Hasenour, dated March 8, 2024. |
| 53 | Excerpt from Microchip sales spreadsheet, "Direct" tab (MCHP_WTX_622cv00855_000000982). |
| 54 | Declaration of Nathaniel E Frank-White (Internet Archives), dated March 8, 2024 (MICRON_0034760). |
| 55 | Declaration of Nathaniel E Frank-White (Internet Archives), dated March 8, 2024 (MICRON_0038482). |
| 56 | Microchip patents archived web page (SONRAI-MICRON-00021374). |
| 58 | Excerpts from Patent Assignment Cover Sheet (SONRAI-MICRON-00002224). |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| Asserted Patents | U.S. Patent Nos. 6,724,241 and 6,920,527 |
| Atmel | Atmel Corporation |
| Microchip | Microchip Technology Incorporated |
| Microchip Agreement | Patent Sale and Assignment Agreement between Microchip and Sonrai |
| Microchip Products | Unmarked Microchip products practicing the Asserted Patents and sold in the U.S. |
| RPX Agreement | Patent License Agreement between Sonrai and RPX |

| RPX Licensee Products | Unmarked products practicing the Asserted Patents and sold by RPX licensees in the U.S. |
|---|---|
| RPX Licensees | ███████████████████████████████████████ |
| Sonrai | Plaintiffs Sonrai Memory Limited and Nera Innovations Limited |

## I.    INTRODUCTION

Sonrai is not entitled to pre-suit damages because it cannot show it complied with 35 U.S.C. § 287(a) by providing either actual or constructive pre-suit notice of Micron's alleged infringement of U.S. Patent Nos. 6,724,241 and 6,920,527 (collectively, the "Asserted Patents").  Because no reasonable jury could find in favor of Sonrai, the Court should grant summary judgment.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Sonrai does not allege, and there is no evidence, that it provided actual pre-suit notice of the alleged infringement to Micron.

2.    Microchip Technology Incorporated ("Microchip") acquired the '527 patent in 2012 from Standard Microsystems Corporation, Ex. 58 at SONRAI-MICRON-00002225, and acquired the '241 patent in 2016 by acquiring Atmel Corporation, the patent's original assignee. Ex. 46 at SONRAI-MICRON-00002592; Ex. 47 at MICRON_0043762.

3.    In 2019, Sonrai purchased the patents from Microchip (the "Microchip Agreement").[1]  Ex. 41.  The Microchip Agreement includes a ███████████ provision granting Microchip a license to the patents.  *Id*. at § 4.1.  The Microchip Agreement does not require Microchip to mark its products with the patent numbers.  *See generally* Ex. 41.

4.    Three years later, Sonrai entered into an agreement with RPX Corporation (the "RPX Agreement") granting ███████████████████████████████████ ███████ (collectively, the "RPX Licensees") a license to the Asserted Patents.  Exs. 38, 48.  Sonrai admits the RPX Agreement does not require the licensees to mark their products.  Ex. 49 at 21-23.

5.    During discovery, Micron informed Sonrai of specific unmarked products sold by

---

[1] Microchip and its two wholly owned subsidiaries, Atmel and Microsemi Corporation, were sellers in the Agreement.  For ease of reference, Micron collectively refers to the sellers as Microchip.

Sonrai's licensees that Micron believes should have been (but were not) marked with the patent numbers.  Exs. 50-52.

6.      With respect to Microchip, Micron identified the following unmarked products: for the '527 patent, ████████████████████████████████████████████████████ ████████████████████████████████████ for the '241 patent, ████████████████ ███████████████████████████████████████████████████████████████████████ ██████████ collectively, "the Microchip Products").  Exs. 51-52.  Micron also cited Microchip's website showing these products were on sale prior to the filing of the Complaint.  Ex. 55; *see also* Ex. 54.  In response to the parties' subpoenas, Microchip produced a document confirming that it ███████████████████████████████████████████████████████████████████████ █████████████████████████████████.[2]  Ex. 53. Sonrai does not dispute this.

7.      As to the RPX Licensees, Micron identified the following unmarked products: for the '527 patent, ██████████████████████████████████████████████████████ ████████████████████████████; for the '241 patent, ████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████ collectively, "the RPX Licensee Products").  Ex. 50. Sonrai does not dispute that these products were on sale in the U.S. before it filed the Complaint.

8.      Sonrai never responded to Micron's letters.  Sonrai admits that it has no evidence any RPX Licensee marked its products.  Ex. 49 at 20-22.

---

[2] For example, the document shows sales of ████████████ in the U.S. as early as 2017.  *See, e.g.*, Ex. 53, rows 3, 8, 73, 92, 98, 110, 115, and 124.

9.  Sonrai Director Gerald Padian admitted that he has no personal knowledge of Sonrai's compliance with § 287.  Ex. 39 at 290:4-12.

## III.  LEGAL STANDARD

Absent actual notice, a patentee can recover pre-suit damages only if it and its licensees comply with § 287 by marking any patented articles with the patent number.  *Arctic Cat, Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1365-66 (Fed. Cir. 2017); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017).  A prior assignee's failure to comply with § 287 also precludes pre-suit damages.  *See VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 WL 2773013, at *3–4 (W.D. Tex. Apr. 12, 2021).

An alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287."  *Arctic Cat*, 876 F.3d at 1368.  This burden is a "low bar" such that "[t]he alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent."  *Id*.  The burden then shifts to the patentee to "prove either the identified products do not practice the patented invention or, if they do practice the patented invention, they were properly marked."  *VLSI*, 2021 WL 2773013, at *3.  If a patentee cannot make this showing, it cannot recover damages before the date of actual notice.  35 U.S.C. § 287.

## IV.  ARGUMENT

Because Sonrai did not provide actual notice, it can recover pre-suit damages only if it shows that its licensees complied with § 287.  SUMF 1.  Pursuant to *Arctic Cat*, Micron notified Sonrai that Microchip and the RPX Licensees sold patented articles subject to § 287.  SUMF 5.  The burden then shifted to Sonrai to show the identified products do not practice the Asserted Patents, or that the products were properly marked.  For the reasons explained below, no reasonable juror could find that Sonrai met its burden and complied with § 287.

**A. Neither Microchip nor the RPX Licensees Marked Patented Articles**

Microchip had two separate obligations to mark its products—as a prior assignee and subsequent licensee of the Asserted Patents. *Arctic Cat*, 876 F.3d at 1366; *VLSI*, 2021 WL 2773013, at *3-4 (holding no pre-suit damages for prior assignee's failure to comply with § 287). Microchip acquired the '527 patent in 2012 and the '241 patent in 2016 and owned them until December 2019 when it sold them to Sonrai. SUMF 2-3. From then to the filing of the Complaint, Microchip had a license to the patents via the Microchip Agreement. SUMF 3. Under *Arctic Cat*, Micron notified Sonrai that Microchip had an obligation to mark as both a prior assignee and licensee and identified specific unmarked products (e.g., ██████████ ) that were on sale before the Complaint. SUMF 5-7. Micron identified such products on Microchip's website, and Microchip confirmed they were sold between 2017 and the filing of the Complaint. SUMF 5-6.

The RPX Licensees also had a duty to mark before the filing of the Complaint. Sonrai licensed the patents to RPX on June 30, 2022. SUMF 4. Under *Arctic Cat*, Micron notified Sonrai that the RPX Licensees sold specific unmarked patented articles before the Complaint was filed. SUMF 7. Sonrai does not dispute that the identified products are patented articles, nor does it contend that the RPX Licensees marked those products. SUMF 7. Indeed, the RPX Agreement does not require marking. SUMF 4. In fact, Sonrai Director Gerald Padian admitted he had no personal knowledge of Sonrai's compliance with § 287. SUMF 9.

**B. Sonrai Cannot Excuse Microchip's and the RPX Licensees' Failure to Mark**

Sonrai never responded to Micron's *Arctic Cat* correspondence. SUMF 8. Nor did it dispute that any of the identified Microchip Products and RPX Licensee Products were sold in the U.S. during the relevant timeframe. SUMF 7. Microchip's and the RPX Licensees' failure to mark each provide an independent basis to exclude pre-suit damages. And as explained below, Sonrai's attempts to escape the consequences of § 287 are legally unsound.

**1. Sonrai's Conclusory Hearsay Assertion that the Microchip Products Do Not Practice the '241 Patent Cannot Defeat Summary Judgment[3]**

For the '241 patent, Sonrai attempts to assert that Microchip did not need to mark its products because they do not practice the patent. Sonrai, however, failed to satisfy its burden on this point because it did not obtain discovery from Microchip regarding the structure and operation of Microchip's products. Although Sonrai's expert, Dr. Brogioli, claims he has seen no evidence that the Microchip products practice the patent, Ex. 1 at ¶¶ 187, 208-210, that is only because of Sonrai's failure to obtain relevant discovery. The absence of evidence cannot carry Sonrai's burden.

Nor can Sonrai's reliance on a conclusory hearsay statement by undisclosed witnesses likewise satisfy Sonrai's burden. Sonrai relies on a self-serving post-discovery conversation between Dr. Brogioli and a Microchip employee, Mark Reiten, who allegedly told Dr. Brogioli he spoke to some unidentified Microchip engineers that concluded none of the Microchip Products identified in the parties' subpoenas practiced the '241 patent. Ex. 1 at ¶¶ 186, 208-210. Sonrai does not identify the basis, if any, for the out-of-court statements of either Mr. Reiten or the unidentified Microchip engineers. This conclusory hearsay is plainly insufficient to defeat summary judgment for three reasons. First, "[m]ere conclusory allegations are not competent summary judgment evidence." *VLSI*, 2021 WL 2773013, at *2 (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 331, 343 (5th Cir. 2007)). Second, Mr. Reiten's double hearsay "cannot create a genuine issue of material fact." *Porter v. Lear*, 751 F.App'x 422, 430 (5th Cir. 2018). Lastly, there is no evidence—indeed, Sonrai does not even allege—that either Mr. Reiten

---

[3] While Micron asserts that sales of unmarked Microchip Products preclude pre-suit damages for the '527 patent, Micron does not move for summary judgment on that issue. However, as set forth in Section IV(B)(3), Micron does move for summary judgment that the RPX Licensees' failure to mark precludes pre-suit damages for both patents.

or the unidentified Microchip engineers are qualified to opine on whether the Microchip Products practice the patents.[4]  *See HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 689 (Fed. Cir. 2020) ("[I]t is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art. The prohibition of unqualified witness testimony extends to the ultimate conclusions of infringement . . . .") (cleaned up).

**2.**     **Microchip's Website Fails to Virtually Mark**

Microchip's website does not comply with § 287 as Sonrai suggests.  Virtual marking via a website must "associate[] the patented article with the number of the patent."  35 U.S.C. § 287(a). That did not occur here.  Microchip's "Microchip Patents" website lists thousands of patents and a perfunctory statement that "[o]ne or more of the following patents may cover one or more products of Microchip Technology Incorporated."  Ex. 56.[5]  This type of list does not comply with § 287.  *Mfg. Res. Int'l v. Civiq Smartscapes, LLC*, 397 F. Supp. 3d 560, 577 (D. Del. 2019) ("The plain language of the marking statute requires that the website '*associate*[] the patented article with the number of the patent.' . . . Simply listing all patents that could possibly apply to a product or all patents owned by the patentee on the patentee's marking website does not give the public notice.") (emphasis in original).   This Court has denied pre-suit damages under similar circumstances.  *See VLSI*, 2021 WL 2773013, at \*3-4 (relying on *Mfg. Res. Int'l* to grant MSJ for no pre-suit damages because the plaintiff relied on a 15x4 cell datasheet that listed numerous patents and nothing more).  Moreover, Microchip did not produce any evidence that it placed the "Microchip Patents" website address on any of the Microchip products as § 287 requires.

---

[4] Reference to Mr. Reiten and the unidentified Microchip engineers should also be excluded under Fed. R. Civ. P. 37 because Sonrai never disclosed them pursuant to Fed. R. Civ. P. 26(a)(1).
[5] Sonrai produced other versions of the "Microchip Patents" webpage, but they contain overlapping content and a similar list of thousands of patents.

### 3. As to Both Asserted Patents, the RPX Licensees' Failure to Mark Precludes All Pre-Suit Damages

There is no dispute that Sonrai's licensees to the RPX Agreement did not comply with any of the marking requirements under § 287(a). Sonrai does not dispute that the RPX Licensees sold unmarked patented articles before it filed its Complaint. And Sonrai's technical expert, Dr. Brogioli, does not dispute that the RPX Licensees' products sold during this timeframe practiced the Asserted Patents. The Federal Circuit has held that "where third parties are involved, courts may consider 'whether the patentee made reasonable efforts to ensure compliance with the marking requirements.'" *Arctic Cat*, 876 F.3d at 1366. Here, **no** efforts were undertaken—Sonrai did not require RPX Licensees to mark their products and cannot point to any evidence showing an RPX Licensee marked a product with either Asserted Patent. SUMF 7,8.

The RPX Licensees' failure to mark precludes all pre-suit damages because the "consequence of a failure to mark is not temporally limited." *Arctic Cat, Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 865-66 (Fed. Cir. 2020) ("[A] patentee who begins selling unmarked products can cure noncompliance with the notice requirement—and thus *begin recovering* damages—by beginning to mark its products in accordance with the statute.") (emphasis added); *see also Adrea LLC v. Barnes & Noble, Inc.*, No. 13-cv-4137, 2015 WL 4610465, at *3 (S.D.N.Y. July 24, 2015) (holding § 287 foreclosed pre-suit damages for any infringement before licensee's obligation to mark attached).

Sonrai simply cannot satisfy its *Arctic Cat* burden under § 287 and, therefore, should not be awarded any pre-suit damages.

## V. CONCLUSION

For the foregoing reasons, the Court should grant summary judgment of no pre-suit damages.

Dated: June 28, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Timothy W. Riffe*

Adam R. Shartzer (DC Bar No. 994420)
shartzer@fr.com
Timothy W. Riffe (DC Bar No. 482810)
riffe@fr.com
Brian J. Livedalen (*pro hac vice*)
livedalen@fr.com
1000 Maine Avenue SW, Suite 1000
Washington, D.C. 20024
Tel: (202) 783-5070 | Fax: (202) 783-2331

David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 2000
Austin, TX 78701
(512) 472-5070 | Fax: (512) 320-8935

Alexander M. Pechette (*pro hac vice*)
pechette@fr.com
Daniel H. Wade (*pro hac vice*)
wade@fr.com
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070 | Fax: (617) 542-8906

Jacqueline T. Moran (*pro hac vice*)
jtmoran@fr.com
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300 | Fax: (713) 652-0109

Jacqueline Tio (GA Bar No. 940367)
tio@fr.com
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 | Fax: (404) 892-5002

**COUNSEL FOR DEFENDANT,
MICRON TECHNOLOGY, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 28, 2024, the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and was served via electronic mail on all counsel of record.

/s/ Timothy W. Riffe
Timothy W. Riffe