# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

SONRAI MEMORY LIMITED AND NERA
INNOVATIONS LIMITED,

        Plaintiffs,

        v.

MICRON TECHNOLOGY, INC.,

        Defendant.

Case No.  1:23-cv-01407-ADA

**JURY TRIAL DEMANDED**

██████████████

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT TO LIMIT DAMAGES PERIOD BASED ON MARKING (DKT. NO. 110)**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. RESPONSE TO STATEMENT OF FACTS .................................................... 2

III. ARGUMENT .................................................................................................... 2

    A.  Micron Failed To Satisfy Its Burden Of Production To Identify Specific Microchip Products That Required Marking For The '241 Patent ............................................................................................................. 2

    B.  Microchip Was Not Required To Mark Non-Practicing Products ............................. 4

    C.  Any Supposed Failure To Mark By The ▮▮ Licensees Does Not Preclude Recovery Of Pre-Suit Damages ...................................................... 6

IV. CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Acceleron, LLC v. Dell, Inc.*,
No. 1:12-CV-4123-TCB, 2020 WL 10353773 (N.D. Ga. Mar. 31, 2020) ................................. 7

*Adrea, LLC v. Barnes & Noble, Inc.*,
No. 13-CV-4137 JSR, 2015 WL 4610465 (S.D.N.Y. July 24, 2015)........................................ 7

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)........................................................................................ 2, 7

*Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*,
No. 2:21-CV-00034-JRG-RSP, 2021 WL 8441751 (E.D. Tex. Dec. 10, 2021)........................ 5

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024) ........................ 5

*Longhorn HD LLC v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG-RSP, 2022 WL 1165508 (E.D. Tex. Mar. 27, 2022),
*report & recommendation adopted*, 2022 WL 1117429 (E.D. Tex. Apr. 14, 2022) ................. 6

*Pavo Sols. LLC v. Kingston Tech. Co., Inc.*,
No. 8:14-CV-01352-JLS-KES, 2019 WL 4390573 (C.D. Cal. June 26, 2019)......................... 3

*SSL Servs., LLC v. Citrix Sys., Inc.*,
940 F. Supp. 2d 480 (E.D. Tex. 2013), *aff'd*, 769 F.3d 1073 (Fed. Cir. 2014) ......................... 4

*Texas Adv. Optoelectronic Sols., Inc. v. Intersil Corp.*,
No. 4:08-CV-451, 2015 WL 13469929 (E.D. Tex. Jan. 29, 2015)........................................... 1

**Statutes**

35 U.S.C. § 287..................................................................................................................... 1, 2, 7

## I. INTRODUCTION

Defendant Micron Technology Inc.'s Motion For Summary Judgment To Limit Damages Period Based On Failure To Mark (Dkt. No. 110, "Mot.") should be denied. First, Micron contends that a predecessor assignee and licensee Microchip Technology Inc. and its related entities ("Microchip") failed to mark certain generic categories of products with the '241 Patent. *See* Mot. at 5 n.3 (noting "Micron does not move for summary judgment" on supposed "sales of unmarked Microchip Products … for the '527 patent"). But Micron failed to satisfy its burden of production to identify <u>specific</u> Microchip products sold in the U.S. that were required to be marked with the '241 Patent. In addition, there are (at a minimum) issues of material fact as to whether there were any Microchip products that practiced the '241 Patent. *See Texas Adv. Optoelectronic Sols., Inc. v. Intersil Corp.*, No. 4:08-CV-451, 2015 WL 13469929, at *8 (E.D. Tex. Jan. 29, 2015) ("[C]ompliance with the marking statute, 35 U.S.C. § 287(a), is a question of fact[.]").

Micron also contends that Sonrai's license with ████████ granting ████████ ████ a license to the '241 and '527 Patents required those ██ members (the "█ Licensees") to mark their products. However, the ██ License was entered on June 30, 2022, and this action was commenced on August 16, 2022. Thus, to the extent any ██ Licensees failed to mark any practicing products with the '241 and/or '527 Patents, Sonrai's pre-suit damages are only limited for the period of non-compliance—June 30 to August 16, 2022. Sonrai's damages expert Dr. Rebecca Reed-Arthurs has already removed those damages from the damages base. Ex. A (Reed Arthurs Report) at ¶¶ 328, 329. Because any purported failure by the ██ Licensees to mark does not extinguish *all* of Sonrai's pre-suit damages, Micron's Motion should be denied.

1

## II.    RESPONSE TO STATEMENT OF FACTS

Sonrai does not dispute Micron's asserted SOF Nos. 1-4 and 8 for purposes of this Motion. However, Sonrai disputes Micron's SOF Nos. 5, 6, and 7 because Sonrai does, in fact, dispute whether Micron "informed Sonrai of specific unmarked products" and disputes that Micron has demonstrated that the supposed products from Microchip and any ███ Licensees were on sale in the U.S. prior to filing the complaint in this action. *See* Ex. B (Sonrai Resp. to Micron ROG 2). Sonrai also disputes Micron's SOF No. 9 because Sonrai's Director Gerald Padian testified that he believed that Microchip virtually marked its products. Ex. C (Padian Depo. Tr.) at 289:3 – 291:15.

## III.    ARGUMENT

### A.    Micron Failed To Satisfy Its Burden Of Production To Identify Specific Microchip Products That Required Marking For The '241 Patent

To limit damages under 35 U.S.C. § 287, Micron "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Specifically, Micron is required to put Sonrai "on notice that [it] or [its] authorized licensees sold <u>specific unmarked products</u> which [Micron] believes practice the patent." *Id.*[1]  Here, Micron did not meet its burden of production to identify *specific* Microchip products sold in the U.S. that were required to be marked with the '241 Patent. The only purported notice from Micron of supposed unmarked Microchip products for the '241 Patent was the following:

- Microchip flash and SRAM memories (e.g., Microchip's Serial Quad Interface (SQI) and SPI Flash memories, Parallel Flash Memories, Serial SRAM, and Serial NVSRAM)

Ex. D (Micron Feb. 29, 2024 Letter) at 1. These vague references to generic categories of Microchip products hardly satisfy Micron's burden of production. Rather than identify any

---

[1] All emphasis added unless stated otherwise.

specific model numbers of supposed unmarked Microchip products, Micron's purported "notice" required Sonrai to guess which specific Microchip products from 2017 to present Micron actually contends were required to be marked with the '241 Patent.

Micron argues that its inclusion of a single link to an archived "Wayback Machine" snapshot of the Microchip website in its February 29 letter provides sufficient notice. Ex. D at 1, n.1. But, as other courts have noted, "Wayback Machine screenshots are insufficient to meet [Micron]'s burden of production." *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, No. 8:14-CV-01352-JLS-KES, 2019 WL 4390573, at \*3 (C.D. Cal. June 26, 2019) ("A 'burden of production' necessarily means a burden to come forward with *some amount* of admissible evidence.") (emphasis in original). As an initial matter, the website link provides no further specificity on the particular models of purported unmarked Microchip products. *See* Dkt. No. 110-15 at 14-16 (printout of link provided as fn.1 in Micron's Feb. 29 letter). More important, the website printout is not admissible evidence to prove the truth of the matter asserted—namely, that the supposed Microchip products were actually sold in the U.S. prior to the complaint. *Id.* at \*2 ("Kingston has failed to produce any <u>admissible evidence</u> that identifies specific products that it believes should have been marked <u>and were sold or offered for sale in the United States</u>.").[2]

In addition, Micron's citation to a spreadsheet produced from Microchip on the last day of fact discovery (April 24, 2024) also fails to show that the supposedly identified Microchip products were sold in the U.S. prior to Sonrai's complaint. Dkt. No. 110-13; Hollander Decl. ¶ 6. Notably, ████████████████████████████████████████████████████████, but does not identify the

---

[2] The March 8, 2024 declarations from Nathaniel E Frank-White do not cure the evidentiary concerns with the printout nor do they provide any further details that establish that the Microchip products were on sale in the U.S. prior to the date of the complaint. Dkt. Nos. 110-14, 110-15. Nor could they. Mr. Frank-White is not a Microchip employee that can opine on the veracity of the information on the Microchip website.

destination of purported sales to those customers. *Id.*

 Micron cannot correct its deficient February 29 letter with an unexplained spreadsheet produced on the last day of fact discovery.

## B.     Microchip Was Not Required To Mark Non-Practicing Products

Even if the Court finds that Micron met its burden of production, the evidence is clear that Microchip was not required to mark any of its products with the '241 Patent because there were never any Microchip products that practiced the '241 Patent. *See, e.g.*, *SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 487 (E.D. Tex. 2013), *aff'd*, 769 F.3d 1073 (Fed. Cir. 2014) ("there is no obligation to mark if a 'patented article' does not exist."). Sonrai's technical expert, Dr. Brogioli, undertook an independent investigation of the documents produced in this case (as well as publicly available information) to determine whether the purported category of products identified by Micron practiced the '241 Patent. Ex. E (Brogioli Report) ¶¶ 180-87, 205-211. For each category of products, Dr. Brogioli explained that certain aspects of the asserted '241 Patent claims were not practiced, which was confirmed by his conversation with Microchip's Vice President of the Technology Licensing Business Unit—Mr. Mark Reiten. *Id.* Based on his investigation, Dr. Brogioli proffered an opinion that those products did not practice the '241 Patent. *Id.* Dr. Brogioli's opinion and the evidence relied on thereto, at a minimum, creates a genuine issue of fact that precludes summary judgment in Micron's favor.[3] *See, e.g.*, *Barkan Wireless IP*

---

[3] Dr. Brogioli further noted that while there were no practicing products, Microchip nonetheless included the '241 Patent on its virtual marking website from at least February 2016 through February 2019. Ex. E (Brogioli Report) ¶ 211. While Micron disputes the significance of

*Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-CV-00034-JRG-RSP, 2021 WL 8441751, at *3 (E.D. Tex. Dec. 10, 2021) (denying summary judgment where "Barkan has offered … multiple documents, including an expert report, to support its argument that the Samsung Products do not practice the asserted patents.").

The crux of Micron's argument in favor of summary judgment hinges on the fact that Mr. Reiten of Microchip conveyed to Dr. Brogioli that Microchip performed its own investigation of the categories of products identified by Micron and confirmed there were no Microchip products that practiced the '241 Patent.[4]  Ex. E (Brogioli Report) ¶¶ 186, 205-211.  Micron purports that this dispositive fact cannot be considered by Dr. Brogioli in formulating his opinions.  Mot. at 5. Yet, "[i]t is black-letter law that an expert may rely on hearsay testimony." *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *5 (E.D. Tex. Mar. 26, 2024).  Certainly, these types of discussions are routinely considered by experts in formulating their opinions, as evidenced by Micron's own experts who considered conversations with Micron employees in rendering their own opinions.  *See, e.g.*, Ex. F (Baker Rebuttal Report) at ¶ 79 (noting details from discussion with Micron employee in rendering opinion on alleged non-infringing alternative).  To that end, Microchip's position (conveyed through Mr. Reiten) that none of the Microchip products practiced the '241 Patent was properly considered by Dr. Brogioli and demonstrates the existence of an issue of material fact that precludes summary judgment.

Micron's arguments to the contrary fail.  Mot. at 5-6.  For example, Dr. Brogioli's opinions are not based on "[m]ere conclusory allegations."  Dr. Brogioli explains and identifies the

---

Microchip's virtual marking (Mot. at 6), this evidence demonstrates the existence of additional issues of material fact that preclude summary judgment.

[4] Microchip's investigation was based on the same language concerning the supposed categories of unmarked Microchip products included in Micron's February 29 letter.  *See* Ex. G (Microchip Subpoena) at Document Request No. 2.

documents he reviewed in connection with his investigation, as well as other evidence he considered (such as his conversation with Mr. Reiten) in rendering his opinion. *See Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG-RSP, 2022 WL 1165508, at \*2 (E.D. Tex. Mar. 27, 2022), *report & recommendation adopted*, 2022 WL 1117429 (E.D. Tex. Apr. 14, 2022) ("Although NetScout views Dr. Kia's analysis as superficial and disagrees with Dr. Kia's conclusion, this does not change the fact that Dr. Kia provided an opinion based on his review of documents on Fortinet's website.").

Further, Micron's assertion that "Mr. Reiten's double hearsay 'cannot create a genuine issue of material fact'" fails. Mot. at 5. Sonrai is not relying solely on Mr. Reiten's statements to Dr. Brogioli in isolation to demonstrate that the Microchip products did not practice the '241 Patent. Rather, Sonrai relies on Dr. Brogioli's expert opinion and the supporting documents he identified as the basis for its position. And, Dr. Brogioli was permitted to rely on hearsay in rendering his opinions. Thus, Micron's Motion should be denied as to the Microchip products.

### C. Any Supposed Failure To Mark By The ▮▮ Licensees Does Not Preclude Recovery Of Pre-Suit Damages

Micron also argues that Sonrai is precluded from recovering pre-suit damages based on the supposed failure by the ▮▮ Licensees to mark any practicing products from June 30, 2022 (the date the ▮▮ Agreement was executed) and the date that this case was filed on August 16, 2022. Mot. at 7. Even assuming Micron is correct (which it is not), then at most a duty to mark arose as of June 30, 2022. As such, Sonrai's pre-suit damages can only be limited from the time period the duty to mark arose (June 30) and the date by which Micron obtained notice of infringement of the Asserted Patents (August 16). To that end, those damages have already been excluded by Sonrai's damages expert Dr. Rebecca Reed-Arthurs. Ex. A (Reed Arthurs Report) at ¶¶ 315-17.

Micron is simply wrong that *all* pre-suit damages can be extinguished by virtue of any supposed failure to mark between June 30 and August 16, 2022. Mot. at 7. Specifically, Micron is incorrect that the Federal Circuit's opinion in *Arctic Cat* means all pre-suit damages are extinguished. For example, *Arctic Cat* involved a situation where a patentee's obligation to mark arose upon the sale of certain products and then the patentee ceased selling those products. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020). The Federal Circuit explained that "once a patentee <u>begins</u> making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only <u>by providing actual or constructive notice</u>." *Id.* Here, the first potential "patented article" that required marking did not occur until June 30, 2022. Micron then received actual notice of infringement of the Asserted Patents through the filing of this case on August 16, 2022. Thus, any "notice" requirement arising from the ▮ License was discharged through the filing of this action on August 16, 2022. Consistent with *Arctic Cat*, this purported "noncompliance" cannot serve as an bar on *all* pre-suit damages—namely those that existed prior to June 30, 2022, because those damages accrued before any duty to mark arose through the ▮ License.[5]

## IV. CONCLUSION

For all of these reasons, Micron's Motion should be denied.

---

[5] Micron's reliance on *Adrea* is unpersuasive because it was decided before the applicable *Arctic Cat* burden-shifting framework and erroneously found, for example, that the alleged infringer did not bear an initial burden of production to identify unmarked products. Mot. at 7 (citing *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13-CV-4137 JSR, 2015 WL 4610465, at *3 (S.D.N.Y. July 24, 2015)). Any further conclusions from the *Adrea* case are, therefore, tenuous. *See, e.g.*, *Acceleron, LLC v. Dell, Inc.*, No. 1:12-CV-4123-TCB, 2020 WL 10353773, at *3 (N.D. Ga. Mar. 31, 2020) (considering *Adrea* and holding "any failure to mark <u>does not</u> preclude all pre-suit damages.").

Dated: July 12, 2024

Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY Bar No. 4011011)
Seth Hasenour (TX Bar No. 24059910)
Jonathan Yim (TX Bar No. 24066317)
Drew B. Hollander (NY Bar No. 5370896)
John F. Petrsoric (NY Bar No. 3995313)
BC LAW GROUP, P.C.
200 Madison Avenue, 24th Floor
New York, NY 10016
Telephone: (212) 951-0100
bcooper@bc-lawgroup.com
shasenour@bc-lawgroup.com
jyim@bc-lawgroup.com
dhollander@bc-lawgroup.com
jpetrsoric@bc-lawgroup.com

***Attorneys for Plaintiffs Sonrai Memory Limited and Nera Innovations Limited***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served via electronic mail on July 12, 2024.

*/s/ Brett E. Cooper*
Brett E. Cooper

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that pursuant to the protective order in the above-captioned case, this motion contains confidential information. Accordingly, this document is to be filed under seal.

*/s/ Brett E. Cooper*
Brett E. Cooper