IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SONRAI MEMORY LIMITED AND NERA INNOVATIONS LIMITED, | | |
| Plaintiffs, | | Case No. 1:23-cv-01407-ADA |
| v. | | ████████████████ |
| MICRON TECHNOLOGY, INC., | | |
| Defendant. | | |

**DEFENDANT MICRON TECHNOLOGY, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
**TO LIMIT DAMAGES PERIOD BASED ON FAILURE TO MARK**

# TABLE OF CONTENTS

I.    ARGUMENT ................................................................................................................ 1

    A.    Micron Met Its Initial Burden Under *Arctic Cat* ...................................................1

    B.    Sonrai's Specious Assertion the Microchip Products Do Not Practice the '241 Patent Cannot Defeat Summary Judgment .......................................................3

    C.    As to the ▮▮▮▮▮▮▮, the Federal Circuit's Strict Interpretation of the Marking Statute Precludes Recovery of all Pre-Suit Damages .............................4

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Arctic Cat, Inc. v. Bombardier Rec. Prods.*,
 950 F.3d 860 (Fed. Cir. 2020).................................................................................1, 2, 3, 4

*Estech Sys. IP, LLC v. Mitel Networks, Inc.*,
 No. 2:21-cv-00473, 2023 WL 611252 (E.D. Tex. July 17, 2023) ............................................2

*Finjan, Inc. v. Juniper Networks, Inc.*,
 387 F. Supp. 3d 1004 (N.D. Cal. May 8, 2019).......................................................................1

*HVLPO2, LLC v. Oxygen Frog, LLC*,
 949 F.3d 685 (Fed. Cir. 2020)................................................................................................4

*M.D. v. Abbot*,
 509 F. Supp. 3d 683 (S.D. Tex. Dec. 18, 2020)....................................................................2

*Pavo Solutions LLC v. Kingston Tech. Co. Inc.*,
 No. 8:14-cv-01352, 2019 WL 4390573 (C.D. Cal. June 26, 2019) ............................................3

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
 No. 2:21-CV-105, 2022 WL 1912873 (E.D. Tex. May 30, 2022)............................................2

*Team Worldwide Corp. v. Academy, Ltd.*,
 No. 2:19-cv-000092, 2021 WL 1854302 (E.D. Tex. May 10, 2021) .......................................5

**Statutes**

35 U.S.C. § 287.................................................................................................................2, 4

**Other Authorities**

Fed. R. Civ. P. 26............................................................................................................4

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Infringement Expert Report of Dr. Michael C. Brogioli, with accompanying exhibits, dated May 1, 2024. |
| 38 | Patent License Agreement between Sonrai Memory Limited and ████ ████████████████████ (SONRAI-MICRON-00003923). |
| 39 | Excerpts from the April 9, 2024 deposition transcript of Gerald Padian. |
| 41 | Patent Sale and Assignment Agreement between Microchip Technology, Inc. and Sonrai Memory Limited, dated December 20, 2019 (SONRAI-MICRON-00002811). |
| 46 | Excerpts from the file history for U.S. Patent No. 6,724,241 (SONRAI-MICRON-00002480). |
| 47 | Excerpts from Microchip 2016 Form 10-K (MICRON_0043759). |
| 48 | ████████████████████████████ (SONRAI-MICRON-00004487). |
| 49 | Excerpts from Sonrai's Objections Responses to Micron's First Set of Requests for Admissions (Nos. 1-36), dated April 15, 2024. |
| 50 | Letter from Brian Livedalen to Seth Hasenour, dated January 5, 2024. |
| 51 | Letter from Brian Livedalen to Seth Hasenour, dated February 29, 2024. |
| 52 | Letter from Brian Livedalen to Seth Hasenour, dated March 8, 2024. |
| 53 | Excerpt from Microchip sales spreadsheet, "Direct" tab (MCHP_WTX_622cv00855_000000982). |
| 54 | Declaration of Nathaniel E Frank-White (Internet Archives), dated March 8, 2024 (MICRON_0034760). |
| 55 | Declaration of Nathaniel E Frank-White (Internet Archives), dated March 8, 2024 (MICRON_0038482). |
| 56 | Microchip patents archived web page (SONRAI-MICRON-00021374). |
| 58 | Excerpts from Patent Assignment Cover Sheet (SONRAI-MICRON-00002224). |
| A | Microchip datasheet ████████ (MCHP WTX_622cv00855_000000064). |
| B | Microchip datasheet ████████ (MCHP WTX_622cv00855_000000134). |
| C | Microchip marketing brochure (SONRAI-MICRON-00021456). |

## I.    ARGUMENT

The Court should grant summary judgment of no pre-suit damages.  Nothing in Sonrai's opposition justifies sending this issue to the jury.

### A.    Micron Met Its Initial Burden Under *Arctic Cat*

Sonrai argues it had "to guess which specific Microchip products" were supposed to be marked, but this is unsupported—the record clearly identifies the *specific* Microchip products Micron *believed* practiced the '241 patent. Dkt. 110-11 at 1 (listing ███████████████ ████████████████████████████ ).  Micron also provided a link to archived versions of Microchip's website showing these products (with specific part numbers on sale).  *See id.* at fn 1; Dkt. 110-15 at 11 (Microchip website showing ████████████████ for sale and listing specific model numbers such as ████████████ ).  *Arctic Cat* does not require Micron to identify versions of practicing products, and Sonrai did not provide any authority to the contrary.  *See Finjan, Inc. v. Juniper Networks, Inc.*, 387 F. Supp. 3d 1004, 1016-17 (N.D. Cal. May 8, 2019) (finding defendant met its initial burden of production when it identified third-party product categories (*e.g.*, "Vital Security Products," "eSafe Products" and "Sophos Live Protection Products")).  Although not required, Micron's notice letter identified examples of model numbers of ██████████████████, which Micron identified as patented articles for both the '241 and '527 patents. Dkt. 110-11 at 1-2 (listing ████████████████████ corresponding to the models shown on Microchip's website).  Sonrai's opposition ignores this fact altogether.  Microchip further produced data showing sales of the ████████████ in the U.S. prior to the filing of the Complaint, as clearly shown in the "ItemCode" column of Exhibit 53. *See e.g.*, Dkt. 110-13 at rows 3, 8, 73, 92, 98, 110, 115,

and 124. Sonrai's assertion that such products are not clearly identified in Exhibit 53 is baseless at best.[1]

Sonrai understood what products Micron believed practiced the '241 patent. Indeed, it never indicated during discovery or correspondence that Micron failed to identify the Microchip products with enough specificity. Moreover, its expert, Dr. Brogioli, understood which products are at issue. Dkt. 110-2 at ¶ 211 (stating he "disagree[d] that any of the products identified by Micron practiced the '241 Patent"). He reviewed the very data sheets for the specific Microchip products that Micron identified. *Id.* at ¶ 185 (confirming he "thoroughly" reviewed MCHP_WTX_622cv00855_000000001-982*); see also* Exs. A-B (data sheets for ██████████ (one of the exemplary ██████████ products that Micron identified) bearing Bates numbers MCHP_WTX_622cv00855_000000064 and 000000134).

Sonrai's opposition implores the Court to exclude Micron's authenticated Wayback Machine evidence based on evidentiary concerns.[2] This is a red herring. "The *Arctic Cat* burden of production is a ***low bar predicated upon belief, not proof*.**" *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022). Courts routinely accept Wayback Machine evidence. *See e.g., Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-cv-00473, 2023 WL 611252, at *8 (E.D. Tex. July 17, 2023) (finding defendant's interrogatory responses citing "exhibits from the Wayback Machine that were neither produced nor authenticated," and did not "describe[] any product sold by Estech" satisfied the "low bar"

---

[1] Sonrai's assertion that Exhibit 53 (Dkt. 110-13) does not show any U.S. sales is also meritless. As just one example, ██████████████████████████████████ ██████████

[2] Sonrai ironically relies exclusively on unauthenticated Wayback Machine screenshots of Microchip's website to show compliance with the "virtual marking" requirement. Dkt. 110-2 at ¶ 211. As Micron's motion explained, however, Microchip's website failed to comply with the virtual marking "association requirement" under § 287. Mot. at 6. Sonrai does not deny this.

*Arctic Cat* burden of production); *M.D. v. Abbot*, 509 F. Supp. 3d 683, 713 n.19 (S.D. Tex. Dec. 18, 2020) (citing cases where courts have taken judicial notice of Wayback Machine web pages).

Further, Sonrai's reliance on *Pavo Solutions* is misplaced. Opp. at 3. The defendant there relied on ***images*** of USB-drives from the Wayback Machine although an affidavit from Internet Archives confirmed "[t]he date assigned by the Internet Archives applies to the HTML file but not to image files linked therein." *Pavo Solutions LLC v. Kingston Tech. Co. Inc.*, No. 8:14-cv-01352, 2019 WL 4390573, at *3 (C.D. Cal. June 26, 2019). The affidavit was also directed towards the Wayback Machine generally and not the webpages defendant relied on. *Id.* Here, Micron relies on text incorporated into HTML files specifically authenticated by Internet Archives to show Microchip products were on sale. Dkt. 110-15. As a matter of law, it is indisputable that Micron met its burden of production.[3]

**B.      Sonrai's Specious Assertion the Microchip Products Do Not Practice the '241 Patent Cannot Defeat Summary Judgment**

Sonrai cannot prove the Microchip products do not practice the variable charge pump circuit of the '241 patent. Sonrai argues Dr. Brogioli "undertook an independent investigation of the documents produced in this case" to arrive at his opinion (Opp. at 4)—yet, ***every single*** "supporting" document Dr. Brogioli relies on is devoid of any reference to a charge pump. Dkt. 110-2 at ¶ 210. For example, Dr. Brogioli relies on a marketing brochure without any circuit schematics to conclude the Microchip products do not practice "a plurality of loads selectively coupleable to an output of the pumping circuit, each load associated with a specific pump voltage." *Id.*; Ex. C. This unsupported, conclusory assertion is not enough to carry Sonrai's burden.

---

[3] Based on the foregoing, Sonrai's dispute as to SUMF Nos. 5-6 is meritless. *See* Dkt. 110 at 1-2; 128 at 2.

Sonrai's reliance on incompetent summary judgment evidence is also fatal. Micron does not dispute that experts may sometimes consider hearsay opinions, however, the testimony Dr. Brogioli relies on is not permitted. *See HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 688-89 (Fed. Cir. 2020). Lay witnesses, like Mr. Reiten and the unidentified Microchip engineers, cannot offer opinions on the issue of infringement. *Id.* These types of technical analyses are strictly within the purview of "qualified experts" and Sonrai made no showing that Mr. Reiten or the Microchip engineers were qualified to testify as experts. *Id.* Nor did Sonrai disclose them as experts as required by Fed. R. Civ. P. 26. Mr. Reiten and the Microchip engineers' unqualified expert opinions violate the Federal Rules of Evidence and Civil Procedure and cannot be used to carry Sonrai's burden.

**C.** **As to the ▓▓▓▓▓▓▓▓ the Federal Circuit's Strict Interpretation of the Marking Statute Precludes Recovery of all Pre-Suit Damages**

Sonrai does not dispute that the ▓▓▓▓▓▓▓▓ failed to mark products that practice ***both*** Asserted Patents. Sonrai merely disagrees that all pre-suit damages are precluded because the ▓▓▓▓▓▓▓ was not executed until ▓▓▓ ▓▓▓▓ But as the Federal Circuit stated in *Arctic Cat II*, Section 287 is not "temporally limited" such that "'in the event of failure so to mark, *no* damages shall be recovered by the patentee in *any* action for infringement[.]'" *Arctic Cat, Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*") (quoting 35 U.S.C. § 287) (emphasis in original).

To recover pre-suit damages, Sonrai must prove its licensees complied with § 287. By its own admission, it cannot. The ▓▓▓▓▓▓▓ failure to mark in compliance with § 287 bars the recovery of all pre-suit damages. "[T]he Federal Circuit [in *Arctic Cat II*] strictly interpreted § 287 to make clear that once a patentee (or its licensee) is non-compliant with § 287, recovery of

---

[4] Sonrai disputes SUMF No. 7, but its opposition did not address any facts listed therein.

damages is limited to either the period after marking resumes or after the alleged infringer has been given actual notice." *Team Worldwide Corp. v. Academy, Ltd.,* No. 2:19-cv-000092, 2021 WL 1854302, at *2 (E.D. Tex. May 10, 2021). Accordingly, Sonrai's failure to mark precludes it from collecting any pre-suit damages. *Id.* at *1 (clarifying patentee's failure to mark after initially complying with the marking statute precluded "<u>all</u> pre-suit damages") (emphasis in original).

Dated: July 19, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Timothy W. Riffe*

Adam R. Shartzer (DC Bar No. 994420)
shartzer@fr.com
Timothy W. Riffe (D.C. Bar No. 482810)
riffe@fr.com
Brian J. Livedalen (*pro hac vice*)
livedalen@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, D.C. 20024
Tel: (202) 783-5070 | Fax: (202) 783-2331

David M. Hoffman (TX Bar No. 24046084)
hoffman@fr.com
FISH & RICHARDSON P.C.
111 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 472-5070 | Fax: (512) 320-8935

Alexander M. Pechette (*pro hac vice*)
pechette@fr.com
Daniel H. Wade (*pro hac vice*)
wade@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070 | (617) 542-8906

Jacqueline T. Moran (*pro hac vice*)
jtmoran@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100

Houston, TX 77010
Tel: (713) 654-5300 | Fax: (713) 652-0109

Jacqueline Tio (GA Bar No. 940367)
tio@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 | Fax: (404) 892-5002

ATTORNEYS FOR DEFENDANT
MICRON TECHNOLOGY, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 19, 2024, the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and was served via electronic mail on all counsel of record.

*/s/ Timothy W. Riffe*
Timothy W. Riffe